Yeskoo Hogan & Tamlyn, LLP
139 South Street
New Providence, NJ 07974 USA
908-464-8300
Attorneys for Randy Griffin
By: Richard C. Yeskoo

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RANDY GRIFFIN,                                     No. 1:08-cv-2981(LTS)

                              Plaintiff,           Notice of Attorneys' Lien

        – against –

DON KING PRODUCTIONS, INC.,

                              Defendant.
-----------------------------------------------------------------X

To:    Universum Box-Promotion GmbH and Spotlight Boxing GmbH
       Am Stadtrand 27
       22047 Hamburg
       Germany
       Attn: Stefan Braune

cc:    Bjorn Ziegler
       Rechtsanwalt
       Hackescher Markt 4
       D-10178 Berlin
       Germany

PLEASE BE ADVISED that Yeskoo Hogan & Tamlyn, LLP hereby asserts a lien on
twenty percent (20%) of all signing bonuses, advances and purses owed or paid to
Randy Griffin, Roger Levitt or Boxing International Management LLC up to a total of US
$119,622.00.  The basis for such lien is as follows:

1.      On February 7, 2008 Randy Griffin and Boxing International Management LLC
retained Yeskoo Hogan & Tamlyn, LLP to bring an action against Don King Productions,
Inc. to terminate Randy Griffin's contract with Don King Productions, Inc.  A copy of the
retainer letter, which set forth Yeskoo Hogan & Tamlyn, LLP's fee for such
representation, is annexed hereto as Exhibit 1.  Due to the financial inability of Griffin
and Boxing International Management LLC to pay current fees, the fee was to be paid
out of Randy Griffin's signing bonus with a new promoter and from Randy Griffin's
purses.

2.      On March 24, 2008 Yeskoo Hogan & Tamlyn, LLP filed an action against Don King Productions, Inc. seeking, among other things, release of Randy Griffin from his contract with King.  A copy of the complaint is annexed hereto as Exhibit 2.

3.      On April 7, 2008 the parties settled the action with an agreement and general release.  A copy of the settlement is annexed hereto as Exhibit 3.  The settlement terminated Griffin's contract with King and allowed Griffin to sign with a new promoter.

4.      On April 20, 2008 Yeskoo Hogan & Tamlyn LLP rendered a statement for all monies due under the retainer agreement, which were US$122,622.  A copy of the statement is annexed hereto as Exhibit 4.

5.      On or about May 15, 2008 Boxing International Management LLC made a payment of $3,000 to Yeskoo Hogan & Tamlyn, LLP, leaving a balance due of $119,622.  No other payments have been made with respect to the retainer agreement and statement for services.

6.      Under New York Judiciary Law §475, annexed hereto as Exhibit 5, Yeskoo Hogan & Tamlyn, LLP is entitled to assert a lien against the person or entity holding the funds created as a result of the client's cause of action.  The party against whom the lien is asserted must hold the funds for the benefit of the parties until: (1) the parties agree on the disposition of the funds; or (2) if there is a dispute, a court with jurisdiction over the parties determines the amount of the fee owed to Yeskoo Hogan & Tamlyn, LLP.

Dated:  New Providence, NJ
        June 4, 2008

                              YESKOO HOGAN & TAMLYN, LLP
                              Attorneys for Plaintiff
                              139 South Street
                              New Providence, NJ 07974 USA
                              908-464-8300
                              Yeskoo@yeskoolaw.com

                        By:  _____
                              Richard C. Yeskoo (RY7329)

# EXHIBIT 1

# YESKOO HOGAN & TAMLYN, LLP
### A NEW YORK LIMITED LIABILITY PARTNERSHIP
### ATTORNEYS AT LAW
### 139 SOUTH STREET
### NEW PROVIDENCE, NEW JERSEY 07974
### TEL: (908) 464-8300
### FAX: (908) 464-2828

RICHARD C. YESKOO[1]
STEPHEN HOGAN[2]
THOMAS T. TAMLYN[2]

[1]MEMBER N.J. & N.Y. BAR
[2]MEMBER N.Y. BAR

NEW YORK OFFICE
535 FIFTH AVENUE
NEW YORK, NY 10017
(212) 983-0900

February 7, 2008

Mr. Roger Levitt
Mr. Randy Griffin
Boxing International Management LLC
230 Park Avenue
New York, NY 10169

Re:  <u>Griffin v. King, et al</u>

Dear Mssrs. Levitt and Griffin:

I am writing to confirm our discussions concerning the terms upon which you will engage Yeskoo Hogan & Tamlyn, LLP ("YHT"). This letter addresses the anticipated scope of our services and the billing policies and practices that will apply to the engagement,

1.     <u>Scope of Engagement</u>. You have requested that YHT represent Randy Griffin in bringing an action for breach of his promotional agreement against Don King Productions in the United States District Court for the Southern District of New York.

2.     <u>Billing Policies and Procedures</u>. Our fee shall be paid partly in cash and partly from income derived from Mr. Griffin's boxing activities. Boxing shall pay YHT $10,000 within 45 days of this agreement, of which $5,000 will be applied to this matter and $5,000 applied to the Luo matter. We will render bills monthly at our standard hourly rate of $400 per hour. We will charge separately for reasonable out of pocket expenses, including delivery services, reproduction costs, deposition transcripts and travel outside of the New York City metropolitan area. We may request that you pay large disbursements (e.g., expert fees, transcript fees or very large reproduction costs) directly. Bills for disbursements must be paid monthly. The bill for services will be paid as follows. YHT will be entitled to 20% of all of Mr. Griffin's boxing income (before deduction of Boxing's share of that income), including signing fees, bout purses and sponsorship income, until the bill in this matter plus $100,000 has been paid to YHT. The $100,000 shall be applied to past due amounts owed by Boxing to YHT, including all prior representation of Mr. Griffin.

3.     <u>Required Disclosures</u>. Enclosed with this letter is a statement of clients' rights. In the event that a dispute arises between us relating to our fees, you may have the right to arbitration of the dispute pursuant to Part 137 of the Rules of the Chief

# YESKOO, HOGAN & TAMLYN LLP

Administrator of the New York State Courts, a copy of which will be provided to you upon request.

We are pleased to have the opportunity to represent you and look forward to working with you. Should you wish to discuss any matter relating to this engagement, please do not hesitate to call.

Sincerely,

Richard C. Yeskoo

Acknowledged and agreed:

Boxing International Management LLC

By: _____

Randy Griffin

By: _____

2

# EXHIBIT 2

Yeskoo Hogan & Trail LLP
535 Fifth Avenue
New York, NY 10017
212-983-0900
Attorneys for Randy Griffin
By: Richard C. Yeskoo

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 2981

------------------------------------------------------------X

RANDY GRIFFIN,                                    No.

                              Plaintiff,          Complaint

        – against –

DON KING PRODUCTIONS, INC.,

                              Defendant.

------------------------------------------------------------X

Plaintiff Randy Griffin, by his undersigned attorneys, complains against defendant Don King Productions, Inc. as follows:

1.      Randy Griffin ("Griffin") is a professional boxer registered in the State of New York. Griffin is a resident of the State of Georgia.

2.      Don King Productions, Inc. ("DKP") is a Delaware corporation with its principal place of business at 501 Fairway Drive, Deerfield Beach, FL 33441.

3.      This Court has jurisdiction over this matter under 28 USC § 1332 (a)(2) in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States. This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367 in that one of plaintiff's claims arises out of defendant's violation of 15 U.S.C. § 6207.

4.      Venue is appropriate in this district pursuant to 28 USC § 1391(b) in that a substantial part of the events or omissions giving rise to the specific claims set forth in

1

this complaint occurred in this district and that the parties agreed to place venue in this district.

5.    This Court has personal jurisdiction over defendant DKP in that it transacts business in the State of New York and has consented to personal jurisdiction in this district.

6.    On or around March 22, 2005, DKP and Griffin entered into a Promotional Agreement (the "Agreement") whereby Griffin granted DKP the exclusive right and obligation to promote 2 fights per year for Griffin in exchange for purses set forth in the Agreement.  A copy of the Agreement is annexed hereto as Exhibit 1.

7.    DKP has breached the Agreement by, among other things, doing the following.

Fraudulent Statements to the WBA that Griffin Had Accepted a Step Aside Agreement

8.    In or about April, 2007 Griffin was elevated to the 1st mandatory contender position in the World Boxing Association ("WBA") middleweight classification.  This meant that the WBA world champion, Felix Sturm, had to fight Griffin within a certain period of time or forfeit his title to Griffin.

9.    Sturm wanted to schedule another fight with a lesser ranked boxer before fighting Griffin.  However, doing so would mean that he would not be able to fight Griffin within the required defense period, and as a result he would lose his title.  Sturm's promoter therefore offered Griffin through DKP a "step aside" fee if he would agree to postpone the mandatory fight to allow Sturm to fight the lesser ranked opponent.

10.    DKP offered Griffin $ 50,000 if he would agree to "step aside".  Griffin refused to agree to step aside.

11.    Notwithstanding the fact that Griffin had refused to step aside, DKP fraudulently told the WBA that Griffin in fact had agreed to step aside, so that King could keep the money to be paid to him by Sturm's promoter for securing the step aside. Griffin had to protest to the WBA that his own promoter had acted without proper authority. Although the WBA ultimately found in Griffin's favor, the confusion caused by DKP's deception caused the title fight to be delayed anyway and Griffin to lose the opportunity to make income for approximately 4 to 6 months.

## Failure to Promote Minimum Number of Fights

12.    The Agreement required DKP to promote two fights per year of the contract. DKP has breached that agreement by only offering (or obtaining credit) to promote the following fights:

| 3/22/05 to 3/21/06: | Weaver 5/14//05 |
| | Toney 9/13/05 |
| 3/22/06 to 3/21/07 | Acevedo 5/6/06 |
| | Masoe 7/8/06 |
| 3/22/07 to 3/21/08 | Sturm 10/13/07 (purse bid) |

## Failure to Pay Sanctioning Fees

13.    In order for a fighter to move up the rankings of the major sanctioning organizations, the boxer's promoter must pay the sanctioning organization fees so that the fights are "sanctioned" by the organization and thus the fighter can advance toward the championship if he wins. DKP failed to pay the sanctioning fees for the Weaver and Masoe bouts. This failure led to Mr. Griffin being ranked lower in the WBA and other standings than he otherwise would have and materially diminished Mr. Griffin's earnings

for each subsequent bout.

### Material Misrepresentation of Status of Fight

14      DKP falsely told Mr. Griffin that his May 14, 2005 fight against Ronald Weaver would qualify as a defense of Griffin's NABA and NABO titles.  Griffin relied on this representation when accepting the fight, which DKP knew was false when made.  The fight was in fact not a sanctioned title defense and as a result Griffin was stripped of his NABA and NABO titles, which materially diminished his earnings for each subsequent bout.

### Failure to Disclose Pursuant to 15 U.S.C.A. § 6307(e)

15.      DKP has failed to disclose to Griffin the amount DKP received to promote each fight and fees, charges, expenses and reductions charged Griffin for all bouts.

16.      On November 20, 2007, Griffin sent a letter to DKP canceling the Agreement based on DKP's material breaches of the Agreement.  A copy of the letter is annexed hereto as Exhibit 2.  DKP has failed to respond to the letter.  As a result of the uncertainty over the validity of the Agreement, Griffin cannot schedule any bouts, cannot earn any income or advance his career.

## COUNT ONE
### (Breach of Contract)

17.      Plaintiff repeats paragraphs 1 through 16.

18.      Griffin has complied with all conditions precedent of the Agreement.

19.      As a result of DKP's breach of the Agreement, Griffin has been damaged by not less than $75,000.

## COUNT TWO
### (Breach of Muhammad Ali Act)

20.    Plaintiff repeats paragraphs 1 through 19.

21.    DKP has breached the Muhammad Ali Act, 15 U.S.C. § 6207 et seq., by failing to disclose his compensation to Griffin.  As a result, King should forfeit his compensation to Griffin.

## COUNT THREE
### (Request for Declaratory Relief)

22.    Plaintiff repeats paragraphs 1 through 21.

23.    There is an actual controversy between plaintiff and defendant within the meaning of 28 USC §§ 2201 and 2202 as to whether the Agreement is void and unenforceable due to DKP's material breaches of the Agreement.

24.    Griffin therefore requests a declaratory judgment that the Agreement is void and unenforceable.

WHEREFORE, plaintiff demands judgment:

a)    declaring that the Agreement is void and unenforceable;

b)    for money damages of not less than $100,000; and

c)    for costs, expenses, attorneys fees and such other and further relief as the Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

Dated:  New York, New York
        March 12, 2008

YESKOO HOGAN & TAMLYN, LLP
Attorneys for Plaintiff
535 Fifth Avenue
New York, New York 10017
212-983-0900

By: _____
        Richard C. Yeskoo (RY7329)

# EXHIBIT 3

# AGREEMENT AND MUTUAL GENERAL RELEASE

**THIS AGREEMENT AND MUTUAL RELEASE** (the "Agreement") is made and entered into as of April 2, 2008 by and among Don King Productions, Inc. a Delaware corporation ("DKP"), and Randy Griffin ("Fighter") and Roger Levitt ("Manager").

**NOW THEREFORE**, in consideration of the mutual promises contained herein and other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1.     Any and all contracts between DKP and Fighter and/or Manager (whether written or oral, express or implied), including, without limitation, Fighter's Promotional Agreement with DKP dated as of March 22, 2005 (the "Contracts") are hereby terminated.

2.     Fighter and Manager on behalf of themselves and as applicable, their divisions, subsidiaries, affiliates, predecessors, officers, directors, shareholders, agents, servants, employees, successors, executors, administrators and assigns, (the "Fighter/Manager Releasors") hereby release and forever discharge DKP and its divisions, subsidiaries, affiliates, predecessors, officers, directors, shareholders, agents, servants, employees, successors, executors, administrators and assigns (the "DKP Releasees") from any and all manner of claims, demands, damages, actions, causes of action or suits, whether known or unknown, which the Fighter/Manager Releasors might now have or ever had, or might but for this Agreement have in the future, against the DKP Releasees based in whole or in part, or referring to any matter, cause or event occurring in whole or in part, prior to the date hereof.

3.     DKP and its divisions, subsidiaries, affiliates, predecessors, officers, directors, shareholders, agents, servants, employees, successors, executors, administrators and assigns (the "DKP Releasors") hereby release and forever discharge Fighter and Manager, on behalf of themselves and, as applicable, their divisions, subsidiaries, affiliates, predecessors, officers, directors, shareholders, agents, servants, employees, successors, executors, administrators and assigns (the "Fighter/Manager Releasees") from any and all manner of claims, demands, damages, actions, causes of action or suits, whether known or unknown, which the DKP Releasors might now have or ever had, or might but for this Agreement have in the future, against the Fighter/Manager Releasees based in whole or in part, or referring to any matter, cause or event occurring in whole or in part, prior to the date hereof.

4.     Without limiting the generality of the foregoing the general release contained in this Agreement includes all matters arising out of or in any way connected with the Contracts.

04-02-08   03:42PM   FROM Don King Productions        0000008   T-884  P.003/008  F-407

**IN WITNESS WHEREOF**, the parties have executed this Agreement and Mutual General Release as of the date first written above.

**DON KING PRODUCTIONS, INC.**

By: _____

Name _DANA JAMISON_

Its _SENIOR VICE PRESIDENT_

_____
Randy Griffin, Fighter

_____
Roger Levitt, Manager

STATE OF _Georgia_ )
                        ) SS:
COUNTY OF _Gwinnett_ )

    I, the undersigned, a Notary Public in and for the County and State aforesaid, do hereby certify that Randy Griffin, personally known to me to be the same person or who produced proper identification and whose name is subscribed in the foregoing Agreement and Mutual General Release, appeared before me this day in person and acknowledge that he signed, sealed and delivered such Agreement and Mutual Release as his free and voluntary act, for the used and purposes therein set forth.

Given under my and official seal this _3_ Day of _April_ _2008_

_Carrie Cameron Davis_
Notary Public

STATE OF _Georgia_ )
                        ) SS:
COUNTY OF _Gwinnett_ )

CARRIE CAMERON DAVIS
NOTARY PUBLIC
Gwinnett County, Georgia
My Commission Expires September 9, 2011

    I, the undersigned, a Notary Public in and for the County and State aforesaid, do hereby certify that Roger Levitt, personally known to me to be the same person or who produced proper identification and whose name is subscribed in the foregoing Agreement and Mutual General Release, appeared before me this day in person and acknowledge that he signed, sealed and delivered such Agreement and Mutual Release as his free and voluntary act, for the used and purposes therein set forth.

Given under my and official seal this _3_ Day of _April_ _2008_

_Carrie Cameron Davis_
Notary Public



CARRIE CAMERON DAVIS
NOTARY PUBLIC
Gwinnett County, Georgia
My Commission Expires September 9, 2011

IN WITNESS WHEREOF, the parties have executed this Agreement and Mutual General Release as of the date first written above.

DON KING PRODUCTIONS, INC.

By: _____

Name _____

Its _____

_____
Randy Griffin, Fighter

_____
Roger Levitt, Manager

STATE OF _____New Jersey_____ )
                                 ) SS:
COUNTY OF _____Union_____ )

I, the undersigned, a Notary Public in and for the County and State aforesaid, do hereby certify that Randy Griffin, personally known to me to be the same person or who produced proper identification and whose name is subscribed in the foregoing Agreement and Mutual General Release, appeared before me this day in person and acknowledge that he signed, sealed and delivered such Agreement and Mutual Release as his free and voluntary act, for the used and purposes therein set forth.

Given under my and official seal this 7th Day of April, 2008

_____
Notary Public

STATE OF _____New Jersey_____ )
                                 ) SS:
COUNTY OF _____Union_____ )

I, the undersigned, a Notary Public in and for the County and State aforesaid, do hereby certify that Roger Levitt, personally known to me to be the same person or who produced proper identification and whose name is subscribed in the foregoing Agreement and Mutual General Release, appeared before me this day in person and acknowledge that he signed, sealed and delivered such Agreement and Mutual Release as his free and voluntary act, for the used and purposes therein set forth.

Given under my and official seal this 7th Day of April, 2008

_____
Notary Public

RICHARD C. YESKOO
An attorney-at-law
admitted to practice in
the State of New Jersey

and all of which shall together constitute one and the same instrument. Facsimile signatures shall be as effective as originals.

**XXVI. NOTICES.** Any notice required or desired to be given hereunder shall be in writing and sent (i) postage prepaid by certified mail, return receipt requested, (ii) by a recognized overnight courier or (iii) by confirmed facsimile, addressed as follows:

To Promoter

Don King Productions, Inc.
501 Fairway Drive
Deerfield Beach, Florida 33441
FAX: (954) 427-0157

To Fighter

Randy Griffin c/o Boxing International Management Li
220 PARK AVENUE, SUITE 1514
NEW YORK, NY 10169
FAX: (212) 883-1139
Social Security No. 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

All such notices shall be deemed given when mailed, delivered to the overnight courier or sent by confirmed facsimile.

**IN WITNESS WHEREOF,** the parties have executed this Agreement as of the date first above written.

DON KING PRODUCTIONS, INC.

By _____

Fighter _____
           Randy Griffin

Manager _____
           Roger Levitt

THIS IS INTENDED TO BE A LEGALLY BINDING CONTRACT. IF NOT FULLY UNDERSTOOD, SEEK THE ADVICE OF AN ATTORNEY PRIOR TO SIGNING. NEITHER PARTY IS REQUIRED TO ACCEPT ANY OF THE TERMS AND CONDITIONS IN THIS AGREEMENT. TERMS AND CONDITIONS SHOULD BE NEGOTIATED BASED UPON THE RESPECTIVE INTERESTS, OBJECTIVES AND BARGAINING POSITIONS OF ALL INTERESTED PERSONS.

**AFFIDAVIT**

State of New York

County of New York        } ss:

THE UNDERSIGNED, being first duly sworn, deposes and says:

1. I have personal knowledge of the facts recited herein and could testify to them if called upon to do so.
2. I am a professional boxer and voluntarily executed the foregoing Promotional Agreement (the "Promotional Agreement") with Don King Productions, Inc., a Delaware corporation ("DKP").
3. The rights which I granted DKP pursuant to the Promotional Agreement were not granted as a condition precedent to my participation in a professional boxing match against another boxer.

I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge, information and belief.

Fighter _____
           Randy Griffin

Subscribed and sworn before me
this 29th day of MARCH, 20 05.

_____
NOTARY PUBLIC in and for said
County and State

My commission expires: _____
Commission No.: _____

CURTIS J. STEPHENS
Notary Public, State of New York
No. 4846791
Qualified in Nassau County
Certified in New York County
Commission Expires January 31, 2007

Copyright © Don King Productions, Inc. 2003. All Rights Reserved

# EXHIBIT 4

# YESKOO  HOGAN & TAMLYN, LLP
### A NEW YORK LIMITED LIABILITY PARTNERSHIP
### ATTORNEYS AT LAW

RICHARD C. YESKOO[1]
STEPHEN HOGAN[2]
THOMAS T. TAMLYN[2]

[1]MEMBER N.J. & N.Y. BAR
[2]MEMBER N.Y. BAR

139 SOUTH STREET
NEW PROVIDENCE, NEW JERSEY 07974
TEL: (908) 464-8300
FAX: (908) 464-2828

NEW YORK OFFICE
535 FIFTH AVENUE
NEW YORK, NY 10017
(212) 983-0900

April 20, 2008

Roger Levitt
Boxing International Management LLC
230 Park Avenue
New York, NY 10169

     Re: Griffin

Dear Roger:

     Enclosed please find what, barring unforeseen circumstances, is our complete bill for the Griffin case.  Pursuant to our agreement, we are entitled to the following:

| | |
|---|---|
| Griffin time | $  17,622.00 |
| Past matters | $ 100,000.00 |
| Luo retainer | $    5,000.00 |
| | $ 122,622.00 |

     Please ensure that this is promptly paid from the Griffin signing bonus and purse.

Yours truly,

Richard C. Yeskoo

# YESKOO HOGAN & TAMLYN, LLP
## 139 South Street, New Providence, NJ 07901
## 908-464-8300

April 20, 2008

Roger Levitt
Boxing International Management LLC
230 Park Avenue
New York, NY 10169

---

FOR PROFESSIONAL SERVICES RENDERED from February 1, 2008 to the present with respect to <u>Randy Griffin v. Don King Productions, Inc.</u>, as per attached timesheets.

| | |
|---|---|
| Sr. Attorney Time 44.25 hours @ $400/hr | $ 17,587.00 |
| Disbursements | |
| Filing Fee | 350.00 |
| Service | 685.00 |
| Total | $ 18,622.00 |
| Less Retainer | $ 1,000.00 |
| Total Due | $ 17,622.00 |

4/20/2008                          Yeskoo, Hogan & Tamlyn LLP
11:29 AM                              Pre-bill Worksheet                              Page    6

Nickname        Griffin | 25
Full Name
Address
Phone                           Fax
Home                            Other
In Ref To
Fees Arrg.      By billing value on each slip
Expense Arrg.   By billing value on each slip
Tax Profile     Exempt
Last bill
Last charge     4/7/2008
Last payment                    Amount      $0.00

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 2/3/2008 1082 | Richard Yeskoo Legal Services King Case Research | 400.00 | 4.00 | 1,600.00 | Billable |
| 2/4/2008 1084 | Richard Yeskoo Legal Services M Ali Act Research | 400.00 | 3.75 | 1,500.00 | Billable |
| 2/6/2008 1086 | Richard Yeskoo Legal Services Research NYS Rules re promoters | 400.00 | 4.75 | 1,900.00 | Billable |
| 2/11/2008 1051 | Richard Yeskoo Legal Services Draft complaint | 400.00 | 10.00 | 4,000.00 | Billable |
| 3/19/2008 1099 | Richard Yeskoo Legal Services Update Boxing partners | 400.00 | 1.00 | 400.00 | Billable |
| 3/24/2008 1106 | Richard Yeskoo Legal Services File and serve complaint | 400.00 | 6.00 | 2,400.00 | Billable |
| 3/25/2008 1112 | Richard Yeskoo Legal Services Start drafting summary judgment motion | 400.00 | 6.50 | 2,600.00 | Billable |
| 3/31/2008 1111 | Richard Yeskoo Legal Services Negotiations King | 400.00 | 3.75 | 1,500.00 | Billable |
| 4/7/2008 1113 | Richard Yeskoo Legal Services Finalize settlement, file dismissal | 375.00 | 4.50 | 1,687.50 | Billable |
| TOTAL | Billable Fees | | 44.25 | $17,587.50 | |

# EXHIBIT 5

McKinney's Judiciary Law § 475

Mckinney's Consolidated Laws of New York Annotated

### § 475. Attorney's lien in action, special or other proceeding

From the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, except a department of labor, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

AFFIRMATION OF SERVICE

RICHARD C. YESKOO states under penalty of perjury:

I am a member of the bar of this Court and of Yeskoo, Hogan & Tamlyn, LLP, counsel to plaintiff Randy Griffin.  On May 5, 2008 I served a copy of the foregoing attorneys' lien by first class mail upon:

Mr. Roger Levitt
Mr. Randy Griffin
Boxing International Management LLC
230 Park Avenue
New York, NY 10169

Richard C Yeskoo